01

02

03

04

05

06

07

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

08   JERRY J. SMITH,                    )  CASE NO.    C08-0303-RSL-MAT
                                      )                (CR94-006-RSL)

09          Petitioner,           )

10         v.                      )  REPORT AND RECOMMENDATION

11   UNITED STATES OF AMERICA,

12         Respondent.

13

14

## INTRODUCTION AND SUMMARY CONCLUSION

15        Petitioner filed a motion under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct

16 his 1994 federal court sentence. (Dkt. 1.) Respondent opposed petitioner's motion. (Dkt. 6.)

17 Petitioner did not submit a reply. Following careful review of the record, the Court concludes that

18 petitioner's § 2255 motion should be denied.

19        Petitioner entered a guilty plea to one count of Bank Robbery on January 7, 1994. The

20 Court sentenced petitioner, on March 11, 1994, to one hundred and fifty-one months in prison and

21 a three year term of supervised release, and entered the judgment as of that same date. Petitioner

22 did not file a direct appeal or pursue any other post-conviction relief.

REPORT AND RECOMMENDATION
PAGE -1

01     Petitioner began his term of supervised release on March 13, 2007.  His supervision was

02   revoked on July 25, 2007 and December 18, 2007.  Upon the latter revocation, he was sentenced

03   to ten months imprisonment, with his supervised release to be terminated upon his release from

04   prison.

05     Although the precise contours of petitioner's claims are unclear, he separates his

06   arguments into four grounds for relief in his motion to vacate.  First, he alleges ineffective

07   assistance of counsel through his attorney's failure to raise an affirmative defense of diminished

08   capacity based on a history of mental disorders.  He explains that he did not pursue this issue on

09   appeal because his attorney did not file a direct appeal as instructed.  Second, petitioner alleges

10   ineffective assistance of counsel through his attorney's failure to pursue the argument that he

11   lacked the requisite criminal intent due to his post-traumatic stress disorder.  Again, he explains

12   that he did not pursue this issue on appeal because his attorney did not file a direct appeal as

13   instructed.  Third, and presumably related to his second ground for relief, petitioner argues

14   generally that he was unable to appreciate the nature and quality or wrongfulness of his acts.

15   Fourth, petitioner argues that he was not competent to stand trial, stating that he currently has

16   post-traumatic stress disorder and was delusional while the crime was committed.

17     In response, respondent contends that petitioner failed to file his motion to vacate in a

18   timely manner and that his claims are now time-barred.  The Court, having reviewed petitioner's

19   § 2255 motion, respondent's response, and the balance of the record, hereby concludes that

20   petitioner's claims are time-barred and that his § 2255 motion should be denied.

21     Section 105 of the Antiterrorism and Effective Death Penalty Act (AEDPA) established

22   a one-year period of limitation governing motions filed under § 2255.  AEDPA, Pub.  L.  No.

REPORT AND RECOMMENDATION
PAGE -2

01  104-132, § 105, 110 Stat. 1214, 1220 (codified at 28 U.S.C. § 2255).  The statute of limitations

02  begins to run from:

03        (1)    the date on which the judgment of conviction becomes final;

04        (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

05             States is removed, if the movant was prevented from making a motion by such governmental action;

06

07        (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

08

09        (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

10  28 U.S.C. § 2255(f).

11        Here, petitioner avers the existence of new evidence in support of his claims.  Yet, he fails

12  to explain this contention.  Instead, as argued by respondent, there is no indication that the issues

13  raised – including both his mental capacity and his attorney's failure to file a direct appeal – were

14  not known to him at the time of or soon after his conviction.  Nor is there any explanation as to

15  how, almost fourteen years after plaintiff was convicted, these issues could reasonably be deemed

16  newly discovered.  Because petitioner fails to identify any newly discovered facts, the Court

17  concludes that petitioner's statute of limitations began to run on the date on which the judgment

18  of conviction became final.

19        Where no direct appeal has been filed, the conviction becomes final at the expiration of the

20  time in which such an appeal could have been filed – ten days after the entry of judgment.  *United*

21  *States v. Schwartz*, 274 F.3d 1220, 1223 & n.1 (9th Cir. 2001) (citing the ten-day filing deadline

22  of Rule 4 of the Federal Rules of Appellate Procedure).  In this case, because petitioner did not

REPORT AND RECOMMENDATION
PAGE -3

01  file a direct appeal, his conviction became final ten days after the entry of judgment on March 11,

02  1994.  As such, petitioner filed his motion to vacate, on February 21, 2008, almost fourteen years

03  after his statute of limitations expired.

04      The only recognized exception to the statute of limitations is equitable tolling.    *See*

05  *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled*

06  *in part on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 540 (9th

07  Cir. 1998) (en banc).[1]  However, "[e]quitable tolling will not be available in most cases, as

08  extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's

09  control make it impossible to file a petition on time." *Id.* (quoting *Alvarez-Machain v. United*

10  *States*, 107 F.3d 696, 701 (9th Cir. 1997)).  "When external forces, rather than a petitioner's lack

11  of diligence, account for the failure to file a timely claim, equitable tolling of the statute of

12  limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (applying

13  equitable tolling where delay on the part of prison officials was beyond petitioner's control and

14  petitioner demonstrated due diligence in submitting habeas petition).

15      Again, petitioner avers without explanation as to the existence of new evidence and his

16  attorney's failure to file an appeal.  He fails to demonstrate extraordinary circumstances beyond

17  his control.  Indeed, the almost fourteen year delay in the filing of this petition demonstrates

18  petitioner's lack of diligence.

19      Because petitioner failed to show extraordinary circumstances that would justify his

20

21      [1] *Calderon (Beeler)*  addressed the time limitation for 28 U.S.C. § 2254 petitions.
22  However, because the time limitations in both statutes are virtually identical, the equitable tolling
    rule should be interpreted to apply to § 2255 motions as well.

REPORT AND RECOMMENDATION
PAGE -4

01  delinquency, his petition is time-barred and should be dismissed.  A proposed Order of Dismissal

02  accompanies this Report and Recommendation.

03       DATED this 16th day of May, 2008.

04

05                                                   Mary Alice Theiler
                                                     United States Magistrate Judge
06

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

REPORT AND RECOMMENDATION
PAGE -5